UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA JONES, | Case No. 2:26-cv-00062 CKD |
| Plaintiff, | |
| v. | ORDER |
| SWIFT TRANSPORTATION CO., INC., ET AL., | (ECF No. 19) |
| Defendant. | |

Pending before the Court is Plaintiff Gabriella Jones' motion for leave to file a First amended Complaint.[1] (ECF No. 19). Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the April 8, 2026 hearing.

For the reasons that follow, the Court GRANTs Plaintiff's motion for leave to file a First Amended Complaint.

## I.   BACKGROUND

### A.   Factual Allegations[2]

On or about July 16, 2024, Plaintiff was struck by a vehicle driven by Defendant Angela

---

[1]  This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 14, 16, 18.)

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

1

LaCount. (ECF No. 1 at 8-9.) After the accident, Plaintiff alleges Defendant LaCount fled the scene without rendering aid, in violation of California Vehicle Code Section 21801(a). *Id*. at 10. On March 6, 2025, Plaintiff filed a civil action in the Yolo County Superior Court alleging negligence, negligence per se, negligent hiring, and negligent entrustment against Defendants LaCount, Swift Transportation Co., Inc., and Does 1-50. *Id*. at 1-7.

On October 13, 2025, Defendant LaCount entered a plea of no contest to a violation of Vehicle Code Section 20001(a)(b)(1), hit and run with an injury, in Yolo County Superior Court. (ECF No. 19-1 at 3.) Defendants removed this action to federal court on December 2, 2025, in the Central District of California. (ECF No. 1.) On January 7, 2026, the parties stipulated to transfer the case to the Eastern District of California. (ECF No. 11.)

**II.     DISCUSSION**

Under Federal Rule of Civil Procedure 15, a party may amend its pleading with the Court's leave, which it gives freely when justice requires. Fed. R. Civ. P. 15(a)(2). However, leave cannot be given when amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff requests leave to amend to bring a claim for punitive damages against Defendant Angela LaCount under California Civil Code Section 3294. (ECF No. 19.) In addition to actual damages, punitive damages may be granted where there is "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice…" Cal. Civ. Code § 3294. In California, civil liability is incurred for a hit-and-run if "it is the proximate cause of *further* injury or death." *Karl v. C.A. Reed Lumber Co.*, 275 Cal.App.2d 358, 361 (1969) (emphasis added); *see also*, *Brooks v. E.J. Willig Truck Transp. Co.*, 40 Cal. 2d 669, 679 (1953).

Defendants argue that leave to amend is futile because Plaintiffs fail to state a claim that Defendant LaCount's alleged hit-and-run caused further injury aside from the original accident. (ECF No. 21 at 5-6.) Plaintiff's proposed amended Complaint states Defendant LaCount failed to render aid and because of her conduct, Plaintiff sustained a traumatic brain injury, and that Defendant LaCount's conduct "exposed Plaintiff to continued risk on an active interstate highway and contributed to her emotional distress and trauma." (ECF No. 19-3 at ¶¶ 42-43.) The California Supreme Court provides an illustrative example of further injury sufficient to state a

2

cause of action for civil liability under California's hit-and-run statute: "[I]f a plaintiff is struck and is seriously bleeding following the accident, the fact that the defendant hits and runs could cause additional damage due to loss of blood, death, etc… if, however, the accident causes immediate soft tissue damage, no amount of aid would reduce or minimize the future damages…" *O'Neal v. Orlov*, 2017 WL 1349869, at *2 (Mar. 16, 2017). Here, it appears that Plaintiff has sufficiently pled further injuries by alleging emotional distress and trauma because of Defendant LaCount's alleged hit-and-run. These are injuries, if proven by Plaintiff, that would have been avoided if not for Defendant LaCount allegedly leaving the scene of the accident. Therefore, Plaintiff's motion for leave to amend is GRANTED.

## III.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for leave to file a First Amended Complaint (ECF No. 19) is GRANTED and is due 30 days from the filed date of this order.

Dated:  April 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, jone26cv0062